# Exhibit 2

# FOIA Request Narrowed_ Corporate monitor selections

**Mary Jacoby**

Tue 8/11/2015 6:40 PM

To: Peter.Sprung@usdoj.gov <Peter.Sprung@usdoj.gov>;

Cc: Dylan Tokar <Dylan.Tokar@lbresearch.com>;

📎 1 attachment (211 KB)

FOIA Request _Just AntiCorruption.pdf;

Dear Peter,

Thank you for speaking with us today about our April 24, 2015 Freedom of Information Act request seeking information on corporate monitor candidates for Foreign Corrupt Practices Act resolutions. As a reference, we've attached the original request.

As per our discussion, we'd now like to narrow our request to the following for the corporate defendants previously specified in our FOIA request:

1) The names of the up to three monitor candidates and their associated law or consulting firms submitted to the department by the defendant corporations under the terms of their negotiated resolutions.

2) The names and titles of members of the Criminal Division's Standing Committee on the Selection of Monitors for the period Jan. 1, 2009 up through the present date. Along with the names of the members of the committee, please give their dates of service. We also request that you release the names of any temporary designees appointed to the committee and the dates of their service.

**Arguments**

As mentioned, we argue that the identities of monitor candidates do not fall under FOIA Exemption 5 because that information is neither a government agency-generated record nor reflective of the department's deliberative process.

In our phone call, you suggested we may have a reasonable argument to obtain the names of the law or consulting firms of the monitor candidates submitted to the department by the corporations. At the same time, you suggested there may be a privacy exemption protecting release of the names of the individual attorneys or forensic accountants submitted as candidates to lead the monitorship team.

We argue respectfully that the privacy exemption applies only to release of personal information, such as medical or personnel records, and not to the names of professionals or their firms under consideration for the award of a lucrative government-mandated business contract. We also ask for no trade or confidential business information.

Whatever potential "embarrassment" an attorney who was not selected to be a monitor may feel by disclosure under FOIA is outweighed by the strong public interest in knowing that companies are complying with the spirit of their negotiated criminal resolutions by submitting monitor candidates who are qualified and conflict-free. Likewise, the public is served by knowing that the government is acting in its best interest by selecting qualified monitors to oversee compliance changes at corporate wrongdoers.

We look forward to your response and, we hope, release of the information we seek.

Best regards,

Mary Jacoby, editor
Dylan Tokar, reporter
Global Investigations Review & Just Anti-Corruption

Mary Jacoby
GIR | Just Anti-Corruption
2122 P. Street NW #201
Washington, D.C., 20037
office: +1 202-621-6056

www.justanticorruption.com
www.globalinvestigationsreview.com