UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DYLAN TOKAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16-cv-2410 (RC) |
| ) | |
| DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF PETER C. SPRUNG

I, Peter C. Sprung, declare pursuant to Title 28, United States Code, Section 1746 as follows:

1. I am a trial attorney in the Criminal Division, U.S. Department of Justice ("DOJ"). I am admitted to practice law in the District of Columbia, and a member in good standing of the D.C. Bar.

2. As a DOJ trial attorney, I am assigned to the Freedom of Information Act/Privacy Act Unit of the Criminal Division's Office of Enforcement Operations ("OEO"). I have served in that capacity since November 2013. Prior to that, starting in November 2007, I was a trial attorney in the Public Integrity Section of the Criminal Division of DOJ.

3. Among other things, I serve as agency counsel and represent the United States in lawsuits brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, involving the interests of the Criminal Division. I am also responsible for administrative requests for information of the Criminal Division made under the FOIA.

1

4. I am familiar with the policies and procedures of the Criminal Division for responding to administrative requests and lawsuits filed under the FOIA. I am also familiar with the systems of records of the Criminal Division and its components that are searched in those circumstances.

5. The statements made in this declaration are based upon personal knowledge, my review of the administrative file, the complaint, documents that were collected in connection with this lawsuit, and information I and my colleagues obtained from other DOJ employees in the course of my official duties. I have reviewed the administrative file and Criminal Division documents that were collected in response to Plaintiff's FOIA request and this lawsuit.

A. The First Request – Monitor Selection Process

6. By letter dated April 24, 2015, Plaintiff, a reporter with a trade publication named Just Anti-Corruption, submitted a FOIA request to the Criminal Division for records concerning "the review and selection of independent corporate monitors under Foreign Corrupt Practices Act (FCPA) settlement agreements between the Justice Department and certain corporate defendants" which were listed in the request.[1] Specifically, Plaintiff's request, stated verbatim, sought the following:

    a. All documents submitted by counsel for the companies at the outset of each monitor selection process, including the names of up to three qualified monitor candidates whom the companies are allowed to recommend. The information should identify which candidate, if any, the company specified as its first choice as monitor.

---

[1] The corporations were Alcatel-Lucent, S.A., Alliance One International Inc., Alstom S.A., Avon Products, Inc., BAE Systems, Bilfinger SE, Biomet Inc., Daimler AG, Diebold, Inc., Innospec, Inc., JGC Corporation, Smith & Nephew, Inc., Technip S.A., Universal Corporation, and Weatherford International.

2

b.  All Monitor Selection Memoranda, including any files, documents, and attachments therein, submitted for review to the Standing Committee on the Selection of Monitors, and information about which monitors were approved or disapproved and the reasons therefore, including the recommendations submitted by the committee, the Assistant Attorney General for the Criminal Division, and the Office of the Deputy Attorney General.

c.  Records of the Standing Committee,[2] including its membership, attendance records, appointments of temporary designees, voting records and recusals in connection with the consideration of monitor candidates for each of the [15] companies listed [herein].

A copy of this letter is attached as Exhibit 1 to the Complaint.

7.  On August 11, 2015, after conversations between the undersigned and Plaintiff in which the undersigned explained that the requested records would likely be withheld in large part under Exemptions (b)(5) and (b)(6)/(b)(7)(C), Plaintiff agreed to narrow his request. Plaintiff's narrowed request no longer sought the release of the actual documents identified in the original request, but instead sought only certain information with regard to the 15 FCPA matters identified in his original request, specifically, the "names of the up to three monitor candidates and their associated law or consulting firms" and the "names and titles of the Criminal Division's Standing Committee for the Selection of Monitors" and their dates of service.

---

[2] Since 2008, DOJ has used a standing or *ad hoc* committee to consider monitor candidates proposed as part of resolutions of certain deferred prosecution agreements and non-prosecution agreements with corporations, including the FCPA cases listed in Plaintiff's first request. In most of the cases at issue herein, this committee consisted solely of members of DOJ's senior executive service or senior leadership. In a few instances, more junior managers who were not members of the senior executive service or senior leadership also sat on the committee.

3

8. The narrowed request reads in relevant part as follows: "As per our discussion, we'd like to narrow our request to the following for the corporate defendants previously specified in our FOIA request:

1. The names of the up to three monitor candidates and their associated law or consulting firms submitted to DOJ by the defendant corporations under the terms of their negotiated resolutions.

2. The names and titles of the Criminal Division Standing Committee on the Selection of Monitors for the period Jan. 1, 2009 to the present date. Along with the names of the members of the committee, please give their dates of service. We also request that you release the names of any temporary designees appointed to the committee and their dates of service."

Plaintiff's request was assigned request number CRM-300486158. A copy of the email documenting the narrowed request is attached as Exhibit 2 to the Complaint.

9. Although the FOIA does not require an agency to answer questions posed by a requestor, DOJ decided, in its discretion, to create a table in a good faith effort to respond to the narrowed request. In that regard, DOJ conducted the following search to identify the documents reasonably likely to contain the information sought in the narrowed request: (1) we consulted with individuals in the Fraud Section of the Criminal Division who had knowledge of the subject matter of the request; (2) we identified the custodians of records involving DOJ's review and selection of the monitors in the 15 FCPA matters in question; (3) we determined that there was no single document that listed the information Plaintiff was requesting; (4) upon devising appropriate search parameters, we searched the custodians' email accounts and obtained certain other relevant electronic and paper files; (5) we queried a correspondence tracking system

maintained by the Office of the Assistant Attorney General for the Criminal Division ("AAG"); and (6) having obtained the necessary records and loaded the electronic records into a text-searchable database, we reviewed the records and extracted the information necessary to prepare the table.

10. By letter dated January 27, 2017 to Plaintiff, the Criminal Division advised that it was releasing a table containing certain information identified in Plaintiff's narrowed request. Regarding each of the pertinent companies, with the exceptions stated below, the table listed the date the Deputy Attorney General ("DAG") approved the selection of the monitor candidate or other available information when the date of the DAG's approval was unknown,[3] the names of the Standing Committee members, the name of any professional services firm with whom a of the nominee was associated, and the name of the appointed monitor.[4] The Criminal Division withheld certain information, described below pursuant to FOIA Exemptions 6 and 7(C). The Criminal Division released corrected tables on April 14, 2017 and July 10, 2017, that had similar redactions.

11. DOJ is withholding certain private personal information under Exemption 6 because the disclosure of that information would constitute a clearly unwarranted invasion of the personal privacy of individuals. Exemption 6 protects personal identifying information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." As a threshold matter, the DOJ records containing the protected information constitute "similar files"

---

[3] In the several instances in which the date of the DAG's approval was unknown, the table lists either the date of the AAG's recommendation to the DAG, the monitor selection committee's recommendation to the AAG, or the Fraud Section's recommendation to the selection committee.
[4] As indicated above, Plaintiff requested the names of any temporary designees appointed to the monitor selection committee. We found no references to any temporary designees in the records.

5

within the meaning of Exemption 6 because they pertain to particular individuals, *i.e.*, DOJ attorneys, monitor nominees and selectees, and private attorneys. DOJ also is withholding the same information pursuant to Exemption 7(C) because the records containing the information were compiled for law enforcement purposes and disclosure of that information could reasonably be expected to constitute an unwarranted invasion of personal privacy. Regarding the threshold question of Exemption 7(C), the records containing the information were compiled for law enforcement purposes in that they were generated in connection with cases involving the criminal enforcement of the FCPA.

12. Specifically, DOJ redacted from the table the following information under Exemptions 6 and 7(C):

   a. the names of monitor selection committee members who are not part of DOJ's senior management; and

   b. the names and related personal identifying information concerning the individuals nominated but not selected to be monitors.[5]

13. The monitor selection committee members who are not part of senior DOJ management have a protectable privacy interest in avoiding the unjustified disclosure of their names. Besides having sat on the monitor selection committee, these individuals (and their successors) have participated or are participating in the enforcement of the FCPA -- which

---

[5] As stated above, DOJ asserts that because, in its narrowed request, Plaintiff did not seek underlying documents but instead certain information contained in agency documents, a table listing that information is an appropriate response to the request. In the event the Court should disagree and require DOJ to process the underlying documents, DOJ reserves that right to withhold certain information under applicable exemptions, including Exemptions 5, 6 and 7(C). For example, the underlying records include, but are not limited to, memoranda prepared for senior DOJ management analyzing the qualifications of the individuals nominated to be monitor and recommending which of those individuals should be selected. Such memoranda contain information protected by the attorney work product privilege and the deliberative process privilege of Exemption 5 and would be subject to withholding, in whole or in part, on that basis. The records also contain private personal information that would be subject to redaction under Exemptions 6 and 7(C).

involves the criminal prosecution of powerful officials of foreign governments and contractors for international bribery. Accordingly, disclosing their names could subject them to harassment and unwanted publicity both in the conduct of their official duties and their private lives.

14. Next, FOIA requires that, once a privacy interest has been identified, it must be balanced against the magnitude of any recognized public interest that would be served by the disclosure. Because the names of individuals who served on the monitor selection committee would not shed light on how DOJ operates, there would appear to be no public interest in that information or, at most, only a minimal interest. Accordingly, we have concluded that the privacy interests of these junior managers outweighs any public interest in the disclosure of their names.

15. We take a different view of the members of the monitor selection committee who are part of senior DOJ management. Generally speaking, we believe that there is a weightier public interest in disclosure of personal information about senior DOJ managers than with respect to lower-level personnel, particular where the information relates to a senior manager's job responsibilities. Accordingly, based on this balancing of interests, DOJ released the names of members of the monitor selection committee who were senior managers.

16. DOJ redacted the names of the individuals who were nominated but not selected as monitors. Like unsuccessful applicants for federal employment, these individuals have a protectable privacy interest in being identified as unsuccessful candidates for a monitor position, which could result in embarrassment or harm their professional standing. Release of this information would not shed light on DOJ's performance of its duties. Thus, there is no competing or compelling interest in disclosing the unsuccessful nominees that would outweigh their substantial privacy interests. Accordingly, we have determined that the balance weighs in

favor of non-disclosure. By contrast, we released the names of the appointed monitors after concluding that the public's interest in knowing who was carrying out the important task of monitoring the corporations outweighs any competing privacy interest in avoiding disclosure.

17. Additionally, although in most instances DOJ is releasing on the table the names of any professional services firm with whom an unsuccessful nominee was associated, DOJ is redacting that information where disclosure would enable the unsuccessful nominee to be identified. Thus, where the firm was so large that its disclosure would not enable the public to identify the corresponding nominee, the firm's name is identified on the table. However, there are certain cases where the nominee was associated with a firm employing less than 10 attorneys or the firm was a sole proprietorship. In those instances, the firm's name was withheld because disclosure would, in those circumstances, allow the public to identify the unsuccessful nominee.

B. The Second Request

18. On January 13, 2016, pursuant to its FOIA regulation, 28 C.F.R. 16.7 (2016), DOJ notified the companies which had nominated candidates of Plaintiff's original request dated April 24, 2015, and as narrowed on August 11, 2015, and of their right to object to the requested information. The technical term for this notification is a "submitter notice." All but two of the corporations that received the submitter notice provided a response to the submitter notification.

19. By letter dated April 12, 2016 to the Criminal Division, Plaintiff submitted a second FOIA request for "the statements the companies provided to the department in response to the submitter notices." Plaintiff's request was assigned request number CRM-30020440. A true copy of Plaintiff's second request is attached to the Complaint as Exhibit 7.

20. The responses to the submitter notices were emailed to the undersigned's office and, accordingly, the search for responsive records with respect to the second FOIA request

consisted of searching the folders in the shared drive of this office and the hard drives of the individuals assigned to handle the Plaintiff's requests, where copies of the letters sought by Plaintiff were maintained. Each of the letters was found there.

21. Over the period April 18, 2017 through April 20, 2017, pursuant to its internal FOIA regulation, DOJ notified the corporations that had provided responses to the submitter notices that DOJ planned to release to Plaintiff their respective response, with appropriate information redacted in accordance with applicable FOIA exemptions. DOJ advised the corporations that they had the right to object to the release of their respective redacted letters.

22. Over the period April 27, 2017 through May 5, 2017, five of the corporations objected to the release of all or certain parts of the redacted letters. These corporations invoked certain FOIA exemptions to support their objections. The other corporations either did not object or did not respond.

23. On May 10, 2017, DOJ notified the corporations that had objected to the planned release of their submitter responses of DOJ's decision on their objections. DOJ upheld certain of the objections and rejected others. The corporations were informed that the redacted letters would be released within seven calendar days. None of the corporations intervened in this lawsuit during that time period. Thus, by letter dated May 22, 2017 to Plaintiff, the Criminal Division advised that, after reviewing responsive records, it was releasing 56 pages of documents in part. DOJ withheld certain information, described below pursuant to FOIA Exemptions 4, 6 and 7(C). By letter dated July 19, 2017, the Criminal Division provided a slightly less-redacted version of that release and also clarified that it was not relying on Exemption 7(C) with respect to the release.

24. Attached hereto as Exhibit A is a Vaughn Index cataloguing the records responsive to the second request. The Index identifies the FOIA exemption pursuant to which responsive information was withheld; describes the nature of the withheld record; identifies that record's author or origin; describes the content of the record; and specifies the basis for the invoked exemption(s). As the Vaughn index indicates, certain information was withheld pursuant to FOIA Exemptions 4 and 6.

25. As reflected on the Vaughn index, DOJ is withholding information covered by Exemption 4 from the response of one of the corporations, Daimler AG, to DOJ's submitter notice (the "Daimler letter"). See Exhibit A, pages 2-13, entry for Bates No. CRM-00025 through CRM-00029. The withheld information, which consists of a limited amount of text, describes certain internal steps Daimler took to evaluate and enhance its FCPA compliance programs.

26. In pertinent part, Exemption 4 protects from disclosure commercial information obtained from a person that is privileged or confidential.

27. The compliance-related information withheld from the Daimler letter is "commercial" within the meaning of Exemption 4, because it serves a commercial function and is of a commercial nature, and Daimler has a commercial interest in the information in that it is helpful or instrumental to its business interests.

28. Additionally, the withheld information is confidential under Exemption 4. Where, as here, the submitter provides the information to the agency voluntarily, the governing legal standard is whether the information is of a type that the submitter would customarily not release to the public. The withheld information meets that test. In its response to DOJ's submitter notice, Daimler requested that its letter be treated confidentially. It expressly invoked

Exemption 4, arguing that disclosure of the information at issue herein could allow its competitors access to its confidential compliance-related information that could be used to its commercial disadvantage. As part of the submitter notice process described above, see paragraphs 18-23, DOJ independently assessed Daimler's argument that the information described above was protected under Exemption 4 and found it valid.[6]

29. By email from Plaintiff's counsel dated July 12, 2017, Plaintiff advised that Plaintiff was not challenging this Exemption 4 withholding.

30. As also reflected on the Vaughn index, DOJ has redacted from the response letters information of third-parties under Exemption (b)(6). Those redactions include the names of nominees who were not selected, and those redactions were based on the same balancing of interests as already described above. In addition, DOJ has redacted the name of the private attorneys who responded to the submitter notices and the name of two DOJ employees who either received some of the responses or handled one of the FCPA cases.

31. As for the private attorneys who responded to the notices, these individuals have substantial privacy interests in preventing the disclosure of their names and other identifying information to the public. However, there is no cognizable public interest in knowing the identity of these individuals to balance against the attorneys' privacy interests. Accordingly, DOJ is withholding that information.

---

[6] A different test applies where the submitter provided the information to the agency involuntarily, i.e., the disclosure of which would be likely either to: (1) cause substantial harm to the submitter's competitive position; or (2) impair the agency's ability to obtain necessary information in the future. In the event the Court should find that Daimler provided its information involuntarily, the first prong of this test has been met for the reasons set forth above in the accompanying paragraph.

32.  Regarding the DOJ employee who received responses to some of the submitter notices, government employees have a legally-cognizable privacy interest in the unwarranted disclosure of their private personal information. Disclosure of this information would not shed light on how DOJ does its job. Accordingly, the balance tips in favor of non-disclosure and we are therefore withholding this information.

## SEGREGATION

33.  The first request sought certain information rather than documents and the requested information was reflected on a table provided to Plaintiff as described above. With respect to the second request, I have reviewed each page of the material deemed responsive to Plaintiff's requests to determine whether there was any non-exempt information that could be reasonably segregated and released. Other than the documents and information described above in paragraph 23 which was released to Plaintiff, I have determined that there is no additional segregable non-exempt information. The attached Vaughn index describes the relevant information in each responsive record withheld and the basis for the invoked exemptions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 19th day of July 2017.

_Peter C. Sprung_
Peter C. Sprung
Trial Attorney

# EXHIBIT A

Dylan Tokar v. Department of Justice
1:16-cv-2410 (RC) (D.D.C.)
Defendant DOJ's Vaughn Index
July 19, 2017

| Bates No. | Document Description | Date | Status | Exs. | Justification |
|---|---|---|---|---|---|
| CRM-00001 to CRM-00010 | Letter from [name withheld], an attorney with Willkie Farr & Gallagher LLP, on behalf of Alcatel-Lucent, to Ken Courter, Chief of the FOIA/PA Unit, Criminal Division, Department of Justice ("DOJ"), responding to DOJ's submitter notice | 2/2/2016 | RIP | (b)(6) | As explained in the attached declaration, this document contains private personal information about a third party, *i.e.*, a private sector attorney and the attorney's signature, the release of which could reasonably be expected to "constitute an unwarranted invasion of personal privacy." The release of this information would not shed light on DOJ's performance of its duties. Thus, there is no competing or compelling interest in disclosing the private attorney's personal information that would outweigh the attorney's substantial privacy interests. |
| CRM-00011 to CRM-00012 | Email from [name withheld], an attorney with Jenner & Block LLP, on behalf of Alliance One, to [name withheld], of the FOIA/PA Unit, Criminal Division, Department of Justice ("DOJ"), responding to DOJ's submitter notice | 6/7/16 | RIP | (b)(6) | As explained in the attached declaration, this document contains private personal information about third parties, *i.e.*, a private sector attorney, the attorney's signature, and a DOJ employee, the release of which could reasonably be expected to "constitute an unwarranted invasion of personal privacy." Both the private attorney and the government employee have protected interests in avoiding the release of their private personal information. The release of this information would not shed light on DOJ's performance of its duties. Thus, there is no competing or compelling interest in disclosing the personal information about either the private attorney or the government employee that would outweigh their substantial privacy interests. |
| CRM-00013 to CRM-00014 | Letter from [name withheld], an attorney with Cravath, Swaine & Moore LLP, on behalf of Avon Products Inc. to Ken | 2/3/16 | RIP | (b)(6) | As explained in the attached declaration, this document contains private personal information about a third party, *i.e.*, a private sector attorney and the attorney's |

1

| | | | | | |
|---|---|---|---|---|---|
| | Courter, Chief of the FOIA/PA Unit, Criminal Division, Department of Justice ("DOJ"), responding to DOJ's submitter notice | | | | signature, the release of which could reasonably be expected to "constitute an unwarranted invasion of personal privacy." The release of this information would not shed light on DOJ's performance of its duties. Thus, there is no competing or compelling interest in disclosing the private attorney's personal information that would outweigh the attorney's substantial privacy interests. |
| CRM-00015 to CRM-00016 | Letter from [name withheld], an attorney with Pepper Hamilton LLP, on behalf of BAE Systems plc to CRM FOIA inbox, responding to DOJ's submitter notice | 2/2/16 | RIP | (b)(6) | As explained in the attached declaration, this document contains private personal information about a third party, *i.e.*, a private sector attorney and the attorney's signature, the release of which could reasonably be expected to "constitute an unwarranted invasion of personal privacy." The release of this information would not shed light on DOJ's performance of its duties. Thus, there is no competing or compelling interest in disclosing the private attorney's personal information that would outweigh the attorney's substantial privacy interests. |
| CRM-00017 | Email from [name withheld], an attorney with Skadden, Arps, Slate, Meagher & Flom LLP, on behalf of Bilfiger SE to Ken Courter, Chief of the FOIA/PA Unit, Criminal Division, Department of Justice ("DOJ"), responding to DOJ's submitter notice | 6/7/16 | RIP | (b)(6) | As explained in the attached declaration, this document contains private personal information about third parties, *i.e.*, a private sector attorney and the attorney's signature, the release of which could reasonably be expected to "constitute an unwarranted invasion of personal privacy." The private attorney has a protected interest in avoiding the release of their private personal information. The release of this information would not shed light on DOJ's performance of its duties. Thus, there is no competing or compelling interest in disclosing the personal information about either the private attorney or the government employee that would outweigh their substantial privacy interests. |
| CRM-00018 to CRM-00024 | Letter from [name withheld], an attorney with Ropes & Gray LLP, on behalf of Biomet, Inc. to Ken Courter, Chief of the FOIA/PA Unit, Criminal Division, | 2/1/16 | | (b)(6) | As explained in the attached declaration, this document contains private personal information about a third party, *i.e.*, a private sector attorney and the attorney's signature, the release of which could reasonably be expected to "constitute an unwarranted invasion of |

2

| | | | | | |
|---|---|---|---|---|---|
| | Department of Justice ("DOJ"), responding to DOJ's submitter notice | | | | personal privacy." The release of this information would not shed light on DOJ's performance of its duties. Thus, there is no competing or compelling interest in disclosing the private attorney's personal information that would outweigh the attorney's substantial privacy interests. |
| CRM-00025 to CRM-00029 | Letter from [name withheld], an attorney with Gibson, Dunn & Crutcher LLP, on behalf of Daimler AG to Peter C. Sprung, trial attorney in the FOIA/PA Unit, Criminal Division, Department of Justice ("DOJ"), responding to DOJ's submitter notice | 2/24/16 | RIP | (b)(4) (b)(6) | As explained in the attached declaration, this document contains (or its disclosure would reveal) commercial or financial information obtained from Daimler that is privileged or confidential, *i.e.*, certain internal steps Daimler took to evaluate and advance its FCPA program. The information is of a kind that Daimler would not customarily release to the public. Alternatively, disclosure of the information would be likely to cause substantial harm to Daimler's competitive position.<br><br>Also as explained in the attached declaration, this document contains private personal information about third parties, *i.e.*, a private sector attorneys and an attorney's signature, the release of which could reasonably be expected to "constitute an unwarranted invasion of personal privacy." The release of this information would not shed light on DOJ's performance of its duties. Thus, there is no competing or compelling interest in disclosing the private attorneys' personal information that would outweigh the attorneys' substantial privacy interests.<br><br>The document also contains private personal information about nominees who were not selected to be a monitor. Like unsuccessful applicants for federal employment, disclosure of the unsuccessful nominees could lead to reputational harm or embarrassment. There is either no public interest in the identity of these individuals or not one that would outweigh their substantial privacy interests. |

| | | | | | |
|---|---|---|---|---|---|
| CRM-00030 to CRM-00035 | Letter from [name withheld], an attorney with Gibson, Dunn & Crutcher LLP, on behalf of Diebold, Inc. to Peter C. Sprung, trial attorney in the FOIA/PA Unit, Criminal Division, Department of Justice ("DOJ"), responding to DOJ's submitter notice | 3/15/16 | RIP | (b)(6) | As explained in the attached declaration, this document contains private personal information about third parties, *i.e.*, private sector attorneys, an attorney's signature, and monitor candidates, the release of which could reasonably be expected to "constitute an unwarranted invasion of personal privacy." The release of this information would not shed light on DOJ's performance of its duties. Thus, there is no competing or compelling interest in disclosing the private attorneys' personal information that would outweigh the attorney's substantial privacy interests.<br><br>The document also contains private personal information about nominees who were not selected to be a monitor. Like unsuccessful applicants for federal employment, disclosure of the unsuccessful nominees could lead to reputational harm or embarrassment. There is either no public interest in the identity of these individuals or not one that would outweigh their substantial privacy interests. |
| CRM-00036 to CRM-00041 | Letter from [name withheld], an attorney with Gibson, Dunn & Crutcher LLP, on behalf of Innospec Inc. to Peter C. Sprung, trial attorney in the FOIA/PA Unit, Criminal Division, Department of Justice ("DOJ"), responding to DOJ's submitter notice | 2/24/16 | RIP | (b)(6) | As explained in the attached declaration, this document contains private personal information about third parties, *i.e.*, private sector attorneys, an attorney's signature, and monitor candidates, the release of which could reasonably be expected to "constitute an unwarranted invasion of personal privacy." The release of this information would not shed light on DOJ's performance of its duties. Thus, there is no competing or compelling interest in disclosing the private attorneys' personal information that would outweigh the attorney's substantial privacy interests.<br><br>The document also contains private personal information about nominees who were not selected to be a monitor. Like unsuccessful applicants for federal employment, disclosure of the unsuccessful nominees could lead to reputational harm or embarrassment. There is either no public interest in the identity of these individuals or not |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | one that would outweigh their substantial privacy interests. |
| CRM-00042 to CRM-00044 | Letter from [name withheld], an attorney with David Polk & Wardwell LLP, on behalf of Smith & Nephew plc to Peter C. Sprung, trial attorney in the FOIA/PA Unit, Criminal Division, Department of Justice ("DOJ"), responding to DOJ's submitter notice | 3/15/16 | RIP | (b)(6) | As explained in the attached declaration, this document contains private personal information about a third party, *i.e.*, a private sector attorney and the attorney's signature, the release of which could reasonably be expected to "constitute an unwarranted invasion of personal privacy." The release of this information would not shed light on DOJ's performance of its duties. Thus, there is no competing or compelling interest in disclosing the private attorney's personal information that would outweigh the attorney's substantial privacy interests. |
| CRM-00045 to CRM-00048 | Letter from [name withheld], an attorney with Paul Hastings, on behalf of Technip S.A. to Peter C. Sprung, trial attorney in the FOIA/PA Unit, Criminal Division, Department of Justice ("DOJ"), responding to DOJ's submitter notice | 3/2/16 | RIP | (b)(6) | As explained in the attached declaration, this document contains private personal information about a third party, *i.e.*, a private sector attorney and the attorney's signature, the release of which could reasonably be expected to "constitute an unwarranted invasion of personal privacy." The release of this information would not shed light on DOJ's performance of its duties. Thus, there is no competing or compelling interest in disclosing the private attorney's personal information that would outweigh the attorney's substantial privacy interests. |
| CRM-00049 | Email from [name withheld], an attorney with Williams Mullen, on behalf of Universal Leaf to [name withheld], of the FOIA/PA Unit, Criminal Division, Department of Justice ("DOJ"), responding to DOJ's submitter notice | 2/9/16 | RIP | (b)(6) | As explained in the attached declaration, this document contains private personal information about third parties, *i.e.*, a private sector attorney and several DOJ employees, the release of which could reasonably be expected to "constitute an unwarranted invasion of personal privacy." The release of this information would not shed light on DOJ's performance of its duties. Thus, there is no competing or compelling interest in disclosing the personal information of the private attorneys or government employees that would outweigh the individuals' substantial privacy interests. |

| CRM-00050 to CRM00056 | Letter from [name withheld], an attorney with Gibson, Dunn & Crutcher LLP, on behalf of Weatherford International plc to Peter C. Sprung, trial attorney in the FOIA/PA Unit, Criminal Division, Department of Justice ("DOJ"), responding to DOJ's submitter notice | 2/24/16 | RIP | (b)(6) | As explained in the attached declaration, this document contains private personal information about third parties, *i.e.*, private sector attorneys, an attorney's signature, and monitor candidates, the release of which could reasonably be expected to "constitute an unwarranted invasion of personal privacy." The release of this information would not shed light on DOJ's performance of its duties. Thus, there is no competing or compelling interest in disclosing the private attorneys' personal information that would outweigh the attorney's substantial privacy interests.<br><br>The document also contains private personal information about nominees who were not selected to be a monitor. Like unsuccessful applicants for federal employment, disclosure of the unsuccessful nominees could lead to reputational harm or embarrassment. There is either no public interest in the identity of these individuals or not one that would outweigh their substantial privacy interests. |