UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DYLAN TOKAR, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 16-2410 (RC) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**STATUS REPORT AND PROPOSED SCHEDULE**

Pursuant to the Court's order dated March 29, 2018, Plaintiff Dylan Tokar ("Plaintiff") and Defendant United States Department of Justice ("Defendant" or "DOJ"), by and through undersigned counsel, report to the Court as follows.

1. This lawsuit involves two FOIA requests directed to DOJ. The first FOIA request concerns DOJ-approved independent corporate monitors in connection with deferred prosecution agreements. In response to the first FOIA request, DOJ had provided Plaintiff with a table that it created with certain information withheld under Exemptions 6 and 7(C). In response to the second request, which sought responses to submitter notifications issued by DOJ in connection with the processing of the first request, DOJ had released responsive records with redactions under Exemption 6 of FOIA (some of which overlapped with the redactions on the table released in response to the first FOIA request) and Exemption 4 of FOIA.

2. In a Memorandum Opinion dated March 29, 2018, the Court held that DOJ's redactions on the released material pursuant to Exemptions 6 and 7(C) were impermissible, but affirmed the redaction made pursuant to Exemption 4. The Court also held that DOJ should

have interpreted Mr. Tokar's narrowing of the first request as a request for documents, not simply information that could be produced in the form of a table, and directed DOJ to search for and release records for the fifteen corporate defendants identified in the original request as follows: "records submitted by the fifteen companies' attorneys that reflect '[t]he names of [] up to three monitor candidates and their associated law or consulting firms submitted to the [d]epartment by the defendant corporation under the terms of their negotiated resolutions,' and standing committee records that reflect '[t]he names and titles of members of the Criminal Division's Standing Committee on the Selection of Monitors for the period Jan. 1, 2009 up through the present date,' as well as those members' 'dates of service . . .  [and] the names of any temporary designees appointed to the committee and the dates of their service.'"

3.   The Court's Memorandum Opinion and accompanying Order did not set a deadline for compliance with the Court's ruling.  Instead, in a minute order dated March 29, 2018, the Court directed the parties to submit a status report to propose a schedule to govern further proceedings.

4.   Defendant states that DOJ is following the procedures of the DOJ for review of all adverse decisions in civil cases and for consideration of whether to seek further relief from the March 29, 2018 Memorandum Opinion and accompanying Order.  The deadline to file any appeal expires on or about May 29, 2018.  The parties agree that, in the event DOJ decides not to appeal or move for reconsideration, and in the absence of any intervention in the litigation by third parties, DOJ will produce to Plaintiff an unredacted copy of the table previously released in response to the first request and copies of the documents, with Exemption 6 redactions removed, previously released in response to the second request on or before June 14, 2018.

5. With respect to the portion of the Court's decision directing the search and production of records in response to the first request, DOJ states that it is taking preliminary steps to comply by collecting records responsive to that request as described in the Court's decision. DOJ currently expects to be able to complete that search by June 1, 2018, at which time DOJ expects to be in a position to confer with Plaintiff and propose a schedule based on the status of the case at that time. Accordingly, to afford time for the parties to confer further, the parties propose that they file a status report on or before June 14, 2018.

    Respectfully submitted,

    JESSIE K. LIU, D.C. BAR # 472845
    United States Attorney

    DANIEL F. VAN HORN, D.C. BAR # 924092
    Civil Chief

    By: _____/s/_____
    JEREMY S. SIMON, D.C. BAR #447956
    Assistant United States Attorney
    Civil Division
    555 4th Street, N.W.
    Washington, D.C. 20530
    (202) 252-2528
    Jeremy.Simon@usdoj.gov

    Counsel for Defendant

    AND

    _____/s/_____
    Bruce D. Brown, DC Bar No. 457317
    Reporters Committee for Freedom of the Press
    1156 15th St. NW, Suite 1250
    Washington, D.C. 20005
    (202) 795-9301
    bbrown@rcfp.org

    Counsel for Plaintiff