**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DYLAN TOKAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-2410 (RC) |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |

**STATUS REPORT AND PROPOSED SCHEDULE**

Pursuant to the Court's order dated April 13, 2018, Plaintiff Dylan Tokar ("Plaintiff") and Defendant United States Department of Justice ("Defendant" or "DOJ"), by and through undersigned counsel, report to the Court as follows.

1. This lawsuit involves two Freedom of Information Act ("FOIA") requests directed to DOJ. The first FOIA request concerns DOJ-approved independent corporate monitors in connection with deferred prosecution agreements. In response to the first FOIA request, DOJ had provided Plaintiff with a table that it created with certain information withheld under Exemptions 6 and 7(C). In response to the second request, which sought responses to submitter notifications issued by DOJ in connection with the processing of the first request, DOJ had released responsive records with redactions under Exemption 6 of FOIA (some of which overlapped with the redactions on the table released in response to the first FOIA request) and Exemption 4 of FOIA.

2. In a Memorandum Opinion dated March 29, 2018, the Court held that DOJ's redactions on the released material pursuant to Exemptions 6 and 7(C) were impermissible but

affirmed the redaction made pursuant to Exemption 4.  The Court also held that DOJ should have interpreted Mr. Tokar's narrowing of the first request as a request for documents, not simply information that could be produced in the form of a table, and directed DOJ to search for and release records for the fifteen corporate defendants identified in the original request as follows: "records submitted by the fifteen companies' attorneys that reflect '[t]he names of [] up to three monitor candidates and their associated law or consulting firms submitted to the [d]epartment by the defendant corporation under the terms of their negotiated resolutions,' and standing committee records that reflect '[t]he names and titles of members of the Criminal Division's Standing Committee on the Selection of Monitors for the period Jan. 1, 2009 up through the present date,' as well as those members' 'dates of service . . .  [and] the names of any temporary designees appointed to the committee and the dates of their service.'"

3. Defendant states that, by letter dated June 14, 2018, DOJ has produced to Plaintiff an unredacted copy of the table previously released in response to the first request and copies of the documents, with Exemption 6 redactions removed, previously released in response to the second request.[1]

4. With respect to the portion of the Court's decision directing the search and production of records in response to the first request, DOJ states that records responsive to that request as described in the Court's decision have been collected.

---

[1] In its June 14, 2018 letter, DOJ corrected an error in its description in its summary judgment filing and supporting declaration of the number of DOJ employees whose names had been redacted from the documents previously released in response to the second FOIA request.  DOJ had stated that two employees' names had been redacted when, in fact, DOJ ultimately had redacted the name of only one employee.  In addition, the June 14, 2018 letter also provided a revised, unredacted copy of the table that corrected the composition and titles of the members of the Standing Committee.

5.     As to the portion of the Court's decision regarding standing committee records, DOJ currently expects to be able to produce to Plaintiff within 30 days the non-exempt portion of conflict waiver forms completed by standing committee members, which reflect responsive information.   In addition, DOJ has identified other categories of standing committee records that contain some responsive information (much of which is duplicative of information in the conflict waiver forms), and the parties are conferring as to whether Plaintiff is requesting the processing of those records, which DOJ states may involve significant redactions under FOIA exemptions and/or a submitter notification process.   The parties expect to conclude these discussions in the next 30 days.   Following these discussions, Defendant expects to be in a position to propose a schedule for the processing and release of the non-exempt portions of the records requested by Plaintiff by the next status report.

6.     With respect to the other records identified in Defendant's search (i.e., the records submitted by the attorneys for the 15 companies), Defendant has completed its search for those records but has not yet begun processing those records, which, among other things, requires a determination as to whether some or all of those records should undergo a submitter notification process.   Defendant expects to be in a position to propose a schedule for the processing and release of the non-exempt portions of those records by the next status report.

7.     Accordingly, the parties propose that they file another status report on or before July 30, 2018.

Respectfully submitted,

JESSIE K. LIU, D.C. BAR # 472845
United States Attorney

DANIEL F. VAN HORN, D.C. BAR # 924092
Civil Chief

By: _____/s/_____

        JEREMY S. SIMON, D.C. BAR #447956
        Assistant United States Attorney
        Civil Division
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-2528
        Jeremy.Simon@usdoj.gov

        Counsel for Defendant

           AND

        _____/s/_____
        Bruce D. Brown, DC Bar No. 457317
        Jennifer A. Nelson, DC Bar No. 1011387
        Reporters Committee for Freedom of the Press
        1156 15th St. NW, Suite 1250
        Washington, D.C. 20005
        (202) 795-9301
        bbrown@rcfp.org
        jnelson@rcfp.org

        Counsel for Plaintiff