**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DYLAN TOKAR, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 16-2410 (RC) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**STATUS REPORT**

Pursuant to the Court's order dated February 18, 2020, Plaintiff Dylan Tokar ("Plaintiff") and Defendant United States Department of Justice ("Defendant" or "DOJ"), by and through undersigned counsel, report to the Court as follows.

1. Following the last status report, the only remaining issues following the Court's order dated December 19, 2019, concerns the redaction of the existence of client representations of two monitor candidates. The Court's order directed DOJ to (1) contact the relevant monitor candidates and inquire whether the candidates have their clients' consent to publicly disclose (and/or have previously publicly disclosed) the existence of those representations and (2) conduct its own inquiry into whether the existence of those representations is already in the public domain. In the last status report, DOJ stated that, on February 6, 2020, it contacted the two monitor candidates at issue to inquire whether the candidates have their clients' consent to publicly disclose the existence of those representations, or whether the existence of those representations have previously been disclosed. DOJ reported that it had received a response from one of the candidates who asked a series of questions about the current proceedings and the

information at issue and DOJ provided a response and was still awaiting a further response from this individual. DOJ also reported that it had not received a response from the other candidate.

2. Since the last status report, DOJ heard back from the one monitor candidate who had been in contact, and has determined that it can make a release as to that candidate. That release was made on March 16, 2020. DOJ still has not received a response from the other monitor candidate, but, based on the research it has undertaken, it remains DOJ's position that that representation does not appear to be public and thus DOJ maintains its position as to that withholding.

3. Plaintiff does not concede that the remaining withholding is appropriate or justified under FOIA Exemption 6 and/or 7(C). Nonetheless, in an effort to bring this matter to conclusion, Plaintiff is not challenging that withholding further.

4. Accordingly, the only remaining issue for resolution by the Court concerns the issue of attorneys' fees and costs. The parties propose that they confer on that issue for a period of approximately 30 days and, if a resolution cannot be reached, that the parties propose a schedule for briefing of a motion for attorneys' fees in the next status report. Accordingly, the parties propose that they report back to the Court by April 21, 2020.

Respectfully submitted,

TIMOTHY J. SHEA, D.C. BAR # 437437
United States Attorney

DANIEL F. VAN HORN, D.C. BAR # 924092
Civil Chief

By: _____/s/_____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528

       Jeremy.Simon@usdoj.gov

       Counsel for Defendant

          AND

        /s/_____
       Bruce D. Brown, DC Bar No. 457317
       Jennifer A. Nelson, DC Bar No. 1011387
       Reporters Committee for Freedom of the Press
       1156 15th St. NW, Suite 1250
       Washington, D.C. 20005
       (202) 795-9301
       bbrown@rcfp.org
       jnelson@rcfp.org

       Counsel for Plaintiff